UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SAMUEL BERNARD PROFIT,**  Plaintiff,  vs.  **RASMUSSEN, *et al.*,**  Defendants. | 2:24-CV-10654-TGB-KGA  **ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN** |

Plaintiff Samuel Bernard Profit is a Michigan state prisoner without a lawyer, incarcerated at the Oaks Correctional Facility in Manistee, Michigan. Profit has sued several defendants at the Oaks Correctional Facility, asserting that they violated his constitutional rights by wrongfully confiscating his personal property without a hearing and for wrongly denying his grievances.

For the reasons below, the Court will **TRANSFER** this matter to the United States District Court for the Western District of Michigan for further proceedings.

## I. DISCUSSION

Profit presents claims of constitutional violations allegedly occurring to him while incarcerated at the Oaks Correctional Facility in Manistee, Michigan. Defendants "reside" in the United States District Court for the Western District of Michigan, and the Oaks Correctional Facility is also located in that district.

In civil actions where a federal court's jurisdiction is not based on the diversity of the parties, venue is proper in the following judicial district(s):

1) Any judicial district in which any defendant resides—provided that all defendants are residents of the State in which the district is located; or,

2) Any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

3) Any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action—provided there is no district in which an action may otherwise be brought as provided above.

28 U.S.C. § 1391(b); *see also Al-Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir. 1990).

Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). In the interest of justice or for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where that action could have been brought. *See United States v. P.J. Dick Inc.*, 79 F. Supp. 2d 803, 805–06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Moreover, a district court may transfer—sua sponte—the venue of a lawsuit for the convenience of parties or witnesses. *See Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

When considering a discretionary transfer of a civil case, district courts regularly consider the following factors:

1) Convenience of the witnesses;

2) Location of relevant documents and the relative ease of access to sources of proof;

3) Convenience of the parties;

4) Locus of the operative facts;

5) Availability of process to compel the attendance of unwilling witnesses;

6) Relative means of the parties;

7) Forum's familiarity with governing law;

8) Weight accorded the plaintiff's choice of forum; and

9) Trial efficiency and interests of justice, based upon the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

In this action, all of the "operative facts" occurred at the Oaks Correctional Facility in the Western District of Michigan. *See Pierce v. Coughlin*, 806 F. Supp. 426, 428 (S.D.N.Y. 1992).

Moreover, all of the Defendants work at this facility. Public officials "reside" in the county where they perform their official duties. *See O'Neill*, 472 F.2d at 791. In cases where a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is

3

located will ordinarily be the more convenient forum." *See Joyner v. D.C.*, 267 F. Supp. 2d 15, 20–21 (D.D.C. 2003)(quoting *Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974)).

Therefore, venue for this suit is not proper in the Eastern District of Michigan because Profit has failed to allege that any of the acts, events, or omissions that form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio*, 15 F. App'x 213, 215 (6th Cir. 2001).

## II. CONCLUSION

The Court concludes that venue in this suit lies in the United States District Court for the Western District of Michigan, where Profit alleges that the civil rights violations occurred. For the convenience of the parties and witnesses and in the interests of justice, the present matter must be transferred to the Western District of Michigan. Accordingly, this matter will be transferred to that district for further proceedings.

The Court, therefore, **ORDERS** the Clerk of the Court to **TRANSFER** this case to the United States District Court for the Western District of Michigan under 28 U.S.C. § 1404(a).

**SO ORDERED.**

Dated: May 30, 2024         /s/Terrence G. Berg
                            HON. TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served via electronic and/or ordinary mail.

Dated: May 30, 2024                 By: /s/T. McGovern
                                              Case Manager

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge